## Virginia-Carolina Chemical Co. v. Commonwealth.
## Commonwealth v. Virginia-Carolina Chemical Co.

April 26, 1946.

Smith & Leary, Samuel M. Rosenstein and Henry S. Chesnut for appellant.

Robert F. Vaughan for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming in part, reversing in part.

The Virginia-Carolina Chemical Corporation is a Virginia corporation, engaged in the business of manufacturing and selling commercial fertilizer and other chemical products. Under proper qualification it has been doing business in Kentucky by maintaining a distributing warehouse here. It has manufacturing plants and sales offices in a number of other states and only an insignificant part of its net business income is derived from its local operation, being 2/100ths of one per cent. Solely as an investment the company holds 55% of the capital stock of the Tobacco By-Products and Chemical Corporation, which is engaged in the business of manufacturing and selling insecticides. It is a Delaware corporation, but has its principal and executive offices in Kentucky, at Louisville. It operates a manufacturing plant in Kentucky and another in Virginia. Its business is transacted and conducted independent of the appellee, which has no control over its business policies or management. During the years 1936 to 1942, inclusive, the Virginia corporation received dividends in the total amount of $1,138,500 on the stock it owned in the Delaware corporation doing business in Kentucky. It omitted these dividends from its annual income tax returns and did not pay such taxes. Income taxes were duly paid by the Virginia corporation on all that portion of revenue derived from its own Kentucky business.

This suit was filed by the Commissioner of Revenue for the Commonwealth against the Virginia corporation to recover income taxes on the entire sum of those dividends, plus interest and penalties, upon the ground that the income had its source in Kentucky and arose out of business transactions in this state. Kentucky Revised Statutes 141.040 provides that every Kentucky corporation and every foreign corporation doing business in this state (with certain inapplicable exceptions) shall pay an income tax "upon the entire net income of the corporation derived from business done, property located or sources in this state." KRS 141.120(1) provides inter alia that dividends not received in connection with the transaction of the business, less related expenses "shall be allocated to this state if received from sources within this state," and dividends received from sources

outside the state shall be allocated outside the state. The circuit court was of opinion that the Virginia corporation was liable to the Commonwealth for that portion of the dividends it had received from its investment in the Tobacco By-Products and Chemical Corporation which represented net earnings of that company allocated to Kentucky or from the business done in this state, but not all the dividends received since the subsidiary corporation was engaged in business in several other states. The aggregate principal sum for which judgment was rendered is $13,692.47. Interest from the respective annual dates of delinquency and penalties are additional.

The Virginia-Carolina Chemical Corporation appeals from so much of the judgment as is adverse to it and the Commonwealth appeals from that part which denies recovery of taxes upon all the dividends.

We have recently construed our income tax statute as not intending to impose the tax upon dividends received from stock of a Kentucky corporation which are paid to a foreign corporation holding the stock solely as an investment and without relation to business which the foreign corporation does in Kentucky; specifically, that the Atlantic Coast Line Railroad Company, a Virginia corporation, was not liable for a tax upon dividends received from stock which it owned in the Louisville & Nashville Railroad Company, a Kentucky corporation, which derives a considerable part of its earnings from operation in Kentucky. Atlantic Coast Line Railroad Company v. Commonwealth, 302 Ky. 36, 193 S. W. 2d 749. That decision controls the present case. Under that authority, we reverse so much of the judgment as imposes any tax upon the dividends described, which is appealed in the first styled case. This requires an affirmance of the judgment denying recovery upon a portion of the dividends under allocation to other states of a part of the earnings of the subsidiary company, which is questioned in the second styled case.

Judgment reversed in part and affirmed in part.